UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMAL NORMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>MCLANE FOODSERVICE, INC.; and JOHN DOES 1-5 and 6-10,<br><br>    Defendants. | Civil Action No.<br><br>**NOTICE AND PETITION FOR REMOVAL** |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant McLane Foodservice Distribution, Inc., incorrectly identified in the Complaint as McLane Foodservice, Inc., ("Defendant"), by its undersigned counsel, respectfully submits this Notice and Petition for Removal of a Case from the Superior Court of New Jersey, Law Division, Burlington County, bearing docket number BUR-L-000225-25, to this Court. The grounds for removal are as follows:

**PROCEEDINGS TO DATE AND TIMELINESS OF REMOVAL**

1.      On January 29, 2025, Plaintiff Jamal Norman ("Plaintiff") commenced this action by filing a Complaint against Defendant in the Superior Court of New Jersey, Law Division, Burlington County under Docket No. BUR-L-000225-25 (the "Action"). Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint instituting the Action is attached hereto as Exhibit A.

2.      Defendant was served with a copy of the Summons and Complaint on February 3, 2025. The Summons and Complaint were the initial pleadings received by Defendant setting forth the claims upon which the Action is based. A true and correct copy of Defendant's Service of Process Cover Sheet is attached hereto as Exhibit B.

3. This Notice and Petition for Removal is timely filed within the provisions of 28 U.S.C. § 1446, because Defendant has effected removal within thirty (30) days of receipt by it of a paper from which it could first be ascertained that this action is removable. See 28 U.S.C. §1446(b)(1).

4. No proceedings have taken place in the Action in the Superior Court of New Jersey. Defendant has not served an Answer to Plaintiff's Complaint or any other responsive pleading, nor has Defendant made any appearance or argument before the Superior Court of New Jersey, except to file a notice of this Removal Petition pursuant to 28 U.S.C. §1446(d).

## GROUNDS FOR REMOVAL

5. This Court has original jurisdiction over this action, pursuant to 28 U.S.C. § 1332(a)(1), which provides, in relevant part, that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

6. In this action there is complete diversity of citizenship between Plaintiff and Defendant. At the time of the filing of the Complaint and finalizing of this Removal Petition, Plaintiff alleges he is a resident of Pennsylvania. Thus, Plaintiff is a citizen of Pennsylvania. *Gbforefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018) ("The citizenship of a natural person is the state where that person is domiciled.").

7. Although Plaintiff alleges Defendant maintains citizenship in New Jersey, Defendant McLane Foodservice Distribution, Inc. is a citizen of North Carolina and Texas. *Id.* ("The citizenship of a corporation is both its state of incorporation and the state of its principal place of business."). Specifically, Defendant is incorporated in North Carolina, and its principal place of business is located at 4747 McLane Parkway, Temple, Texas 76504.

8. In the Action, Plaintiff seeks recovery of compensatory damages, punitive damages, attorneys' fees, costs, and other legal and equitable relief, but has not specifically enumerated the amount in controversy in the Complaint. However, the fact that a Complaint on its face does not state the amount it seeks to recover will not defeat diversity jurisdiction. When a plaintiff has not specified that the amount in controversy is less than the jurisdictional minimum, the defendant need only show that, to a legal certainty, the amount in controversy exceeds the threshold requirement. *See Raspa v. Home Depot*, 533 F. Supp. 2d 514 (D.N.J. 2007) (legal certainty test satisfied by demand for compensatory damages, punitive damages, and attorneys' fees).

9. In his Complaint, Plaintiff alleges Defendant unlawfully terminated his employment as a driver with the company. Plaintiff asserts claims against Defendant under the New Jersey Law Against Discrimination ("LAD") for disability discrimination, perception of disability discrimination, and retaliation. Plaintiff also asserts New Jersey common law claims against Defendant for wrongful termination and for some unspecified form of equitable relief. Given the damages alleged and relief requested by Plaintiff, Defendant submits that the entire amount in controversy well exceeds the minimum jurisdictional amount of $75,000. Therefore, the jurisdictional threshold of $75,000 is satisfied.

10. As such, this Action is one over which the Court has original diversity of citizenship jurisdiction because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441(b).

## VENUE

11.     Pursuant to 28 U.S.C. § 1441(a), venue lies in the United States District Court for the District of New Jersey because this Action is currently pending in the Superior Court of New Jersey, Law Division, Burlington County, which is within the judicial district and division.

## NOTICE

12.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice and Petition for Removal will be electronically filed on this same date with the Clerk of the Superior Court of New Jersey in Burlington County and will be served upon Plaintiff's counsel of record.

## CONCLUSION

13.     For the foregoing reasons, Defendant respectfully requests that this action be removed to the United States District Court for the District of New Jersey.

14.     By filing this Notice and Petition for Removal, Defendant does not waive any defects in service of process, venue, or personal jurisdiction, nor does Defendant waive any other defenses available to it.

**WHEREFORE**, Defendant respectfully requests that the within action, now pending in the Superior Court of New Jersey, Burlington County, be removed to the United States District Court for the District of New Jersey.

Respectfully submitted,

**FISHER & PHILLIPS LLP**
*Attorneys for Defendant*

_____
Colleen P. Tandy, Esq.
Andrew Brown, Esq.
400 Connell Drive, Suite 4000
Berkeley Heights, New Jersey 07922
Phone: (908) 516-1050
E-mail: ctandy@fisherphillips.com
            asbrown@fisherphillips.com

Dated: March 3, 2025

## **CERTIFICATE OF SERVICE**

I, Colleen P. Tandy, Esq., certify that a true and accurate copy of Defendant's Notice and Petition For Removal was filed electronically and is available for viewing and downloading from the CM/ECF system as of March 3, 2025. I further certify that, on or around March 3, 2025, I caused a true and accurate copy of Defendant's Notice of Removal to be served via mail upon the following:

Clerk of the Court
Burlington County Court Facility
49 Rancocas Road
Mount Holly, New Jersey 08060

Jacquelyn R. Matchett, Esq.
**COSTELLO, MAINS & SILVERMAN, LLC**
18000 Horizon Way, Suite 800
Mount Laurel, New Jersey 08054
*Attorneys for Plaintiff*

Respectfully submitted,

**FISHER & PHILLIPS LLP**
*Attorneys for Defendant*

_____
Colleen P. Tandy, Esq.

Dated: March 3, 2025