UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMAL NORMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MCLANE FOODSERVICE, INC. and JOHN DOES 1-5 and 6-10,<br><br>　　　　Defendants. | Case No. 1:25-cv-01592-RMB-MJS<br><br>DEFENDANT'S ANSWER AND SEPARATE DEFENSES TO PLAINTIFF'S COMPLAINT |

Defendant McLane Foodservice Distribution, Inc., incorrectly identified in the Complaint as McLane Foodservice, Inc. ("Defendant"), by and through its attorneys Fisher & Phillips LLP, hereby responds to the Complaint filed by Plaintiff Jamal Norman ("Plaintiff") as follows:

## AS TO "PRELIMINARY STATEMENT"

In response to the unnumbered Paragraphs in the "Preliminary Statement" section, Defendant admits that Plaintiff purports to bring this action pursuant to the New Jersey Law Against Discrimination and New Jersey state common law. However, Defendant denies that it violated any laws or that it engaged in any wrongdoing. Defendant further denies that Plaintiff is entitled to the relief sought in the Complaint.

## AS TO "IDENTIFICATION OF PARTIES"

1.　Defendant admits that Plaintiff is a former employee of Defendant and that his last known address is in the State of Pennsylvania.

2.　Except to admit that Defendant previously employed Plaintiff and that it conducts business at 600 Commerce Drive, Burlington, New Jersey, Defendant neither admits nor denies the allegations contained in Paragraph 2 of the Complaint as they contain conclusions of law to

which no responsive pleading is required. To the extent that Paragraph 2 of the Complaint alleges any wrongdoing, Defendant denies said allegations.

3. Defendant does not purport to answer on behalf of any fictitious parties, and therefore no response is required to Paragraph 3 of the Complaint. To the extent that Paragraph 3 of the Complaint alleges any wrongdoing, Defendant denies said allegations.

## AS TO "GENERAL ALLEGATIONS"

4. Except to admit that Plaintiff briefly worked as a driver for Defendant, Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5. Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6. Except to admit that Plaintiff claimed he injured himself after slipping and falling from a truck on or around September 6, 2024, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint. To the extent that Paragraph 6 of the Complaint alleges any wrongdoing, Defendant denies said allegations.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8. Defendant neither admits nor denies the allegations contained in Paragraph 8 of the Complaint as they contain conclusions of law to which no responsive pleading is required. To the extent that Paragraph 8 of the Complaint alleges any wrongdoing, Defendant denies said allegations.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. Defendant neither admits nor denies the allegations contained in Paragraph 11 of the Complaint as they contain conclusions of law to which no responsive pleading is required. To the extent that Paragraph 11 of the Complaint alleges any wrongdoing, Defendant denies said allegations.

12. Defendant neither admits nor denies the allegations contained in Paragraph 12 of the Complaint as they contain conclusions of law to which no responsive pleading is required. To the extent that Paragraph 12 of the Complaint alleges any wrongdoing, Defendant denies said allegations.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint. To the extent that Paragraph 22 of the Complaint alleges any wrongdoing, Defendant denies said allegations.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25. Except to admit that Carol Thomas said, "He wasn't supposed to say that", Defendant denies that allegations contained in Paragraph 25 of the Complaint. The allegations set forth in this Paragraph do not provide a full, complete, or accurate rendition of the alleged conversation between Plaintiff and Carol Thomas.

26. Defendant admits the allegations contained in Paragraph 26 of the Complaint.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28. Defendant admits the allegations contained in Paragraph 28 of the Complaint.

29. Defendant admits the allegations contained in Paragraph 29 of the Complaint.

30. Defendant neither admits nor denies the allegations contained in Paragraph 30 of the Complaint as they contain conclusions of law to which no responsive pleading is required. To the extent that Paragraph 30 of the Complaint alleges any wrongdoing, Defendant denies said allegations.

31. Defendant admits the allegations contained in Paragraph 31 of the Complaint.

32. Defendant admits the allegations contained in Paragraph 32 of the Complaint.

33. Defendant admits the allegations contained in Paragraph 33 of the Complaint.

34. Defendant admits the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Except to admit that Plaintiff was not placed on the schedule, Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant admits that it terminated Plaintiff's employment.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant neither admits nor denies the allegations contained in Paragraph 41 of the Complaint as they contain conclusions of law to which no responsive pleading is required. To the extent that Paragraph 41 of the Complaint alleges any wrongdoing, Defendant denies said allegations.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

**AS TO "COUNT I"**
**Disability Discrimination Under the LAD**

44. Defendant repeats and realleges its responses to Paragraphs 1-43 of the Complaint as if fully set forth at length herein.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

Defendant denies that Plaintiff is entitled to any relief demanded against Defendant as set forth in the WHEREFORE clause of this Count.

**AS TO "COUNT II"**
**Perception of Disability Discrimination Under the LAD**

46. Defendant repeats and realleges its responses to Paragraphs 1-45 of the Complaint as if fully set forth at length herein.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

5

Defendant denies that Plaintiff is entitled to any relief demanded against Defendant as set forth in the WHEREFORE clause of this Count.

### AS TO "COUNT III"
### Retaliation Under the LAD

48. Defendant repeats and realleges its responses to Paragraphs 1-47 of the Complaint as if fully set forth at length herein.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of the Complaint.

Defendant denies that Plaintiff is entitled to any relief demanded against Defendant as set forth in the WHEREFORE clause of this Count.

### AS TO "COUNT IV"
### *Lally v. Copygraphics, Inc.*

51. Defendant repeats and realleges its responses to Paragraphs 1-50 of the Complaint as if fully set forth at length herein.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

Defendant denies that Plaintiff is entitled to any relief demanded against Defendant as set forth in the WHEREFORE clause of this Count.

### AS TO "COUNT V"
### Request for Equitable Relief

53. Defendant repeats and realleges its responses to Paragraphs 1-52 of the Complaint as if fully set forth at length herein.

54. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 54 of the Complaint.

55. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 55 of the Complaint.

56. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 56 of the Complaint.

57. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 57 of the Complaint.

58. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 58 of the Complaint.

59. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 59 of the Complaint.

60. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 60 of the Complaint.

61. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 61 of the Complaint.

Defendant denies that Plaintiff is entitled to any relief demanded against Defendant as set forth in the WHEREFORE clause of this Count.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

The Complaint and each and every count thereof fails to state a claim upon which relief can be granted.

### SECOND SEPARATE DEFENSE

Plaintiff's alleged damages, if any, were attributable in whole or in part to his own conduct and not the actions or inactions of Defendant, its employees, agents, or representatives.

### THIRD SEPARATE DEFENSE

The Complaint may be barred, in whole or in part, because Plaintiff failed to bring his claims within the applicable statutes of limitations.

### FOURTH SEPARATE DEFENSE

The injuries and/or damages alleged by Plaintiff are attributable, in whole or in part, to acts or omissions of Plaintiff and/or third parties over whom Defendant has no control.

### FIFTH SEPARATE DEFENSE

Defendant and its employees, agents, and representatives at all times acted in full conformity with all applicable federal, state, and local statutes and regulations and exercised reasonable care in connection with Plaintiff's employment.

### SIXTH SEPARATE DEFENSE

Defendant's actions were taken for legitimate, non-discriminatory, non-retaliatory, and non-pretextual business reasons.

### SEVENTH SEPARATE DEFENSE

Defendant's actions were the lawful exercise of management rights and cannot give rise to civil liability.

### EIGHTH SEPARATE DEFENSE

Plaintiff cannot demonstrate a causal connection between his alleged disability and/or his alleged protected activity and any adverse employment decision.

### NINTH SEPARATE DEFENSE

Plaintiff was an at-will employee and had no expectation of continued employment or right to any benefit.

## TENTH SEPARATE DEFENSE

Plaintiff is not entitled to the remedies sought in the Complaint, and he would be unjustly enriched by any recovery.

## ELEVENTH SEPARATE DEFENSE

Any recovery on the Complaint, or any purported cause of action alleged therein, is barred in whole or in part to the extent Plaintiff has failed to mitigate his damages.

## TWELFTH SEPARATE DEFENSE

To the extent Plaintiff claims economic losses, including lost past and future salary and fringe benefits, any such damages awarded must be reduced by Plaintiff's actual earnings and/or amount Plaintiff could have earned with reasonable diligence.

## THIRTEENTH SEPARATE DEFENSE

Plaintiff's claims for punitive damages are barred by applicable law and would violate the Due Process Clause of the United States Constitution.

## FOURTEENTH A SEPARATE DEFENSE

Defendant's alleged action or inaction was not taken with malice or with reckless indifference to the protected rights of Plaintiff so as to entitle Plaintiff to punitive damages.

## FIFTEENTH SEPARATE DEFENSE

All personnel actions taken with regard to Plaintiff were done for legitimate non-discriminatory business reasons.

## SIXTEENTH SEPARATE DEFENSE

Plaintiff's Complaint fails to state a claim upon which either pre-judgment or post-judgment interest or attorneys' fees may be awarded.

## SEVENTEENTH SEPARATE DEFENSE

Defendant and its employees, agents, and representatives at all times acted in full conformity with all applicable federal, state, and local statutes and regulations and exercised reasonable care in connection with Plaintiff's employment.

## EIGHTEENTH SEPARATE DEFENSE

Subject to reasonable opportunity for investigation and discovery, Plaintiff's claims are limited or barred by the doctrines of unclean hands, laches, estoppel, waiver, and/or other equitable defenses.

## NINETEENTH SEPARATE DEFENSE

Plaintiff's claims for emotional distress damages may be barred by the exclusivity of the New Jersey Workers' Compensation Act, N.J.S.A. 34:15-8.

## TWENTIETH SEPARATE DEFENSE

At all times relevant hereto, Defendant has promulgated a specific policy against unlawful discrimination and retaliation in the workplace and such policy was publicized, well-known to employees, and consistently and strictly enforced.

## TWENTY-FIRST SEPARATE DEFENSE

Defendant reserves the right to raise any and all other defenses that may become evident during discovery and during any other proceeding in this action.

**WHEREFORE**, Defendant demands judgment in its favor and against Plaintiff, dismissing the Complaint in its entirety and with prejudice, and awarding Defendant costs and attorneys' fees and any further relief deemed appropriate by the Court.

## **L. CIV. R. 11.2 CERTIFICATION**

Pursuant to L. Civ. R. 11.2, I hereby certify that, upon information and belief, this matter is not the subject of any other action pending in any court in any jurisdiction, or of any pending arbitration or administrative proceeding. I further certify that know of no other parties who should be joined in this action at this juncture.

**FISHER & PHILLIPS LLP**
*Attorneys for Defendant*


*s/ Colleen P. Tandy*
Colleen P. Tandy, Esq.
Andrew S. Brown, Esq.
400 Connell Drive, Suite 4000
Berkeley Heights, New Jersey 07922
Phone: (908) 516-1050
E-mail: ctandy@fisherphillips.com
	asbrown@fisherphillips.com

Dated: March 24, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing Answer and Separate Defenses to Plaintiff's Complaint with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record at the e-mail address on file with the Court.

Pursuant to 28 U.S.C. §1746, I certify under penalty of perjury that the foregoing is true and correct.

**FISHER & PHILLIPS LLP**
*Attorneys for Defendant*

*s/ Colleen P. Tandy*
Colleen P. Tandy, Esq.
Andrew S. Brown, Esq.
400 Connell Drive, Suite 4000
Berkeley Heights, New Jersey 07922
Phone: (908) 516-1050
E-mail: ctandy@fisherphillips.com
              asbrown@fisherphillips.com

Dated: March 24, 2025