**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| JAMAL NORMAN, | : | Case No. 1:25-cv-01592-RMB-MJS |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **JOINT PROPOSED DISCOVERY PLAN** |
| | : | |
| MCLANE FOODSERVICE, INC. and | : | |
| JOHN DOES 1-5 and 6-10, | : | |
| | : | |
| Defendants. | : | |
| | : | |

1.  Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

    *Attorneys for Plaintiff*

    Jacquelyn R. Matchett, Esq.
    **COSTELLO, MAINS & SILVERMAN, LLC**
    18000 Horizon Way, Suite 800
    Mount Laurel, New Jersey 08054
    Phone: (856) 727-9700
    Fax: (856) 727-9797

    *Attorneys for Defendant*

    Colleen P. Tandy, Esq.
    Andrew S. Brown, Esq.
    **FISHER & PHILLIPS LLP**
    400 Connell Drive, Suite 4000
    Berkeley Heights, New Jersey 07922
    Phone: (908) 516-1050
    Fax: (908) 516-1051

2.  Set forth a brief description of the case, including the causes of action and defenses asserted.

    On January 29, 2025, Plaintiff Jamal Norman ("Plaintiff") commenced this action by filing a Complaint against Defendant McLane Foodservice Distribution, Inc., incorrectly identified in the Complaint as McLane Foodservice, Inc. ("Defendant"), in the Superior Court of New Jersey, Law Division, Burlington County. On March 3, 2025, Defendant timely removed this action to this Court on the basis of diversity jurisdiction pursuant to

28 U.S.C. § 1332. On March 24, 2025, Defendant timely filed its Answer and Separate Defenses to Plaintiff's Complaint.

In his Complaint, Plaintiff, who worked for Defendant as a truck driver, alleges he slipped and fell at work, which resulted in Plaintiff seeking medical attention, filing a workers' compensation claim, and obtaining various accommodations. Plaintiff claims Defendant unlawfully terminated his employment shortly after the alleged incident. Plaintiff asserts claims against Defendant under the New Jersey Law Against Discrimination for disability discrimination, perception of disability discrimination, and retaliation. Plaintiff also asserts New Jersey common law claims against Defendant for wrongful termination and for some unspecified form of equitable relief. Plaintiff seeks recovery of compensatory damages, punitive damages, attorneys' fees, costs, and other legal and equitable relief.

Defendant denies Plaintiff's allegations in their entirety. Defendant terminated Plaintiff's employment based on Plaintiff's poor performance. Plaintiff was hired on July 8, 2024 as a driver and exhibited significant performance issues from the beginning of his employment. Defendant continually assisted Plaintiff with training, but his performance did not improve. Defendant made the decision to terminate Plaintiff's employment before his alleged slip-and-fall incident. Thus, Plaintiff will not be able to establish a causal connection in this action.

3. Have settlement discussions taken place? Yes _____ No _____X_____

    (a)    What was plaintiff's last demand?

        (1)    Monetary demand: $150,000.00

        (2)    Non-monetary demand: Not applicable

    (b)    What was defendant's last offer?

        (1)    Monetary offer: Not applicable

        (2)    Non-monetary offer: Not applicable

4. The parties have met pursuant to Fed. R. Civ. P. 26(f).

5. The parties have exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

6. Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1).

    None.

7. The parties <u>have</u> filed disclosures of third-party litigation funding. See Local Civil Rule 7.1.1.

8. The parties <u>have not</u> conducted discovery other than the above disclosures. If so, describe.

9. Proposed joint discovery plan:

(a) Discovery is needed on the following subjects: <u>Plaintiff's allegations and claims against Defendant in this action; Plaintiff's medical records; Plaintiff's claims for damages; Plaintiff's efforts to obtain replacement employment and to mitigate his alleged damages; and Defendant's defenses to Plaintiff's allegations and claims.</u>

(b) Discovery <u>should</u> be conducted in phases or be limited to particular issues. Explain:

<u>The parties agree that after pre-trial fact discovery, the parties will engage in expert discovery, if any.</u>

(c) Proposed schedule:

(1) Fed. R. Civ. P. 26 Disclosures <u>have been exchanged.</u>

(2) E-Discovery conference pursuant to L. Civ. R. 26.1(d) by <u>May 1, 2025</u>.

(3) Service of initial written discovery by <u>May 8, 2025</u>.

(4) Maximum of <u>25</u> Interrogatories by each party to each other party.

(5) Maximum of <u>10</u> depositions to be taken by each party.

(6) Motions to amend or to add parties to be filed by <u>July 15, 2025</u>.

(7) Factual discovery to be completed by <u>November 28, 2025</u>.

(8) Plaintiff's expert report due on <u>January 26, 2026</u>.

(9) Defendant's expert report due on <u>February 23, 2026</u>.

(10) Expert depositions to be completed by <u>March 31, 2026</u>.

(11) Dispositive motions to be served within <u>60</u> days of completion of discovery.

(d) Set forth any special discovery mechanism or procedure requested.

<u>None at this time.</u>

(e) A pretrial conference may take place on <u>a date to be selected by the Court.</u>

(f)    Trial date: <u>To be selected by the Court. Plaintiff has requested a jury trial.</u>

10.    Do you anticipate any special discovery needs (i.e. videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? Yes __X__ No _____.

<u>Remote deposition may be utilized in this matter.</u>

11.    Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced? Yes _____ No ___X___.

If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

<u>The parties agree to produce during discovery copies of all relevant, non-privileged electronically stored documents in paper format or stored in PDF format transmitted through iManage Share and/or any other secure electronic filesharing systems.</u>

12.    Do you anticipate entry of a Discovery Confidentiality Order? See L. Civ. R. 5.3(b) and Appendix S. Yes ___X___ No _____.

13.    Do you anticipate any discovery problem(s) not listed above? Describe. Yes _____ No ___X___.

14.    State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.)

<u>At this time, the parties do not believe this case is appropriate for voluntary arbitration, mediation, appointment of a special master, or other special procedures. However, mediation may be appropriate at a later time after the parties have conducted sufficient discovery, including, but not limited to, completing the deposition of Plaintiff.</u>

15.    Is this case appropriate for bifurcation? Yes _____ No ___X___

16.    An interim status/settlement conference (with clients in attendance) should be held in <u>December 2025</u>.

17.    We <u>do not</u> consent to the trial being conducted by a Magistrate Judge.

18.    Identify any other issues to address at the Rule 16 Scheduling Conference. <u>None.</u>